IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SAVE THE PARK AND BUILD THE SCHOOL,**<br><br>Plaintiff,<br><br>v.<br><br>**NATIONAL PARK SERVICE; DAVID L. BERNHARDT**, in his official capacity as Secretary of the United States Department the Interior; **DAVID VELA**, in his official capacity as Director of the National Park Service; **LISA MANGAT**, in her official capacity as Director of the California Department of Parks and Recreation; and **CARDIFF SCHOOL DISTRICT,**<br><br>Defendants. | Case No. 20cv1080-LAB-AHG<br><br>**ORDER:**<br><br>1) **GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS [Dkt. 49];**<br><br>2) **GRANTING IN PART LISA MANGAT'S MOTION TO DISMISS [Dkt. 50]; AND**<br><br>3) **DIRECTING SAVE THE PARK AND CARDIFF SCHOOL DISTRICT TO SHOW CAUSE** |

This case involves school renovations that encroach on George Berkich Park, a park in the City of Encinitas owned by the District. The District can't convert Park land within a defined boundary (the "6(f)(3) boundary") from public outdoor recreational use unless the Secretary of the Interior (acting through the National Park Service) finds a proper substitution of similar recreation properties. 54 U.S.C. § 200305(f)(3). The District submitted an application to NPS for approval of a school

1

construction project in the Park. The California Department of Parks and Recreation recommended that NPS grant that approval. NPS did so, and the District was proceeding with construction when Plaintiff Save the Park and Build the School filed this case. After the Court preliminarily enjoined the District from further construction in the Park, NPS rescinded its approval of the project. Dkt. 44.

Defendants NPS, David L. Bernhardt as Secretary of the Interior, David Vela as Director of NPS (collectively with Bernhardt and NPS, the "Federal Defendants"), and Lisa Mangat as Director of the California Department of Parks and Recreation (the "State Parks") have each moved to dismiss the claims against them. Dkt. 49; Dkt. 50. Five of those six claims are based on the the now-rescinded order's alleged inconsistency with federal law. The sixth, asserted against the State Parks and the District, but not against the Federal Defendants, is a state law claim for violation of California's public trust doctrine.

As discussed below, each of the federal law claims against the Federal Defendants and the State Parks is moot. The Federal Defendants' Motion, Dkt. 49, is **GRANTED** and the State Parks' Motion, Dkt. 50, is **GRANTED IN PART**.

Dismissing those five claims leaves only two claims in the case: the claim for injunctive relief against the District and the public trust doctrine claim against both the District and the State Parks. Because the preliminary injunction appears ripe for conversion into a permanent injunction, and because doing so would leave only a state law claim, the Court **ORDERS** Save the Park and the remaining Defendants—the District and the State Parks—to **SHOW CAUSE** as described at the end of this Order. State Parks' Motion is **DENIED IN PART WITHOUT PREJUDICE** as to the public trust doctrine claim.

I.  **Dismissal of Federal Claims Arising from NPS's Rescinded Approval**

Save the Park's First through Fourth Causes of Action allege that the State NPS's approval of the District's conversion application, the State Parks' recommendation of that application, and the agencies' associated failure to prevent

the District from converting parkland violated the Land and Water Conservation Fund Act, the National Environmental Policy Act, and the National Historic Preservation Act. Compl., Dkt. 1, ¶¶ 165-167, 178-184, 187-193. In connection with these claims, Save the Park seeks an injunction requiring reversal of NPS's approval and an order declaring that those statutes required NPS to deny the application. Compl. pp. 45-47.[1] Save the Park's Seventh Cause of Action similarly seeks a declaration that the District's conversion application doesn't satisfy the LWCFA. *Id.*

NPS has rescinded its approval and has requested changes to the District's application, so there's no live controversy as to either the approval or the application. While courts may nevertheless address actions that are capable of repetition, yet evading review, that isn't the case here. *Rubin v. City of Santa Monica*, 308 F.3d 1008, 1013 (9th Cir. 2002) (court may exercise jurisdiction over otherwise moot case based on acts "capable of repetition, yet evading review"). The mere possibility that the District will submit a substantially similar application contrary to NPS's instruction and that NPS will approve such an application is too remote and speculative to avoid mootness. *See* Dkt. 44; Dkt. 56 at 4-5 (NPS letter to State Parks discussing revisions to conversion application).

Save the Park's claims based on a nullified administrative action are moot, as is its claim seeking a declaration that an outdated application wouldn't comport with the LWCFA. The Court doesn't have jurisdiction to hear those claims. *See Preiser v. Newkirk*, 422 U.S. 395, 401-02 (1975) (Article III doesn't give courts power to issue declaratory relief as to agency action that agency has since reversed). The Court **DISMISSES** the First, Second, Third, Fourth, and Seventh Causes of Action in the Complaint **WITH PREJUDICE**.

---

[1] Save the Park doesn't seek any relief against the State Parks in connection with these claims. *Id.*

## II. Save the Park's Remaining Claims against the District and the State Parks

With those five claims dismissed, only two remain: a claim that the District and the State Parks violated the public trust doctrine and a claim that the District can't proceed with a conversion without proper NPS approval.

As to the latter, the Court directs Cardiff School District to **SHOW CAUSE**, no later than **October 26, 2020**, why the Court should not convert its existing preliminary injunction to a permanent injunction enjoining the District from converting land within the 6(f)(3) boundary without NPS approval. *See* 54 U.S.C. § 200305(f)(3). The District's brief may not exceed fifteen pages. Save the Park may respond by filing a brief no longer than ten pages on or before **November 2, 2020**.

The Court does not intend to exercise supplemental jurisdiction over the state law claim once all federal claims have been resolved. *See, e.g., Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (district court has discretion to exercise supplemental jurisdiction after dismissing all claims over which it has original jurisdiction). Save the Park is ordered to **SHOW CAUSE** why, if the Court issues a permanent injunction, it shouldn't decline to exercise jurisdiction over the remaining state claim. Save the Park's brief should be no longer than ten pages and must be filed by **October 26, 2020**. The State Parks and the District may respond in briefs no longer than five pages each by **November 2, 2020**.

Dated:  October 8, 2020

*[signature]*
Hon. Larry A. Burns
Chief United States District Judge