1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19
20
21
22
23

SAVE THE PARK AND BUILD THE SCHOOL,

                             Plaintiff,

v.

NATIONAL PARK SERVICE; DAVID L. BERNHARDT, in his official capacity as Secretary of the United States Department of the Interior; DAVID VELA, in his official capacity as Director of the National Park Service; ARMANDO QUINTERO, in his official capacity as Director of the California Department of Parks and Recreation; and CARDIFF SCHOOL DISTRICT,

                             Defendants.

Case No.:  20-CV-1080 TWR (AHG)

**ORDER (1) DECLINING SUPPLEMENTAL JURISDICTION, (2) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S FIFTH AND SIXTH CAUSES OF ACTION, (3) DISSOLVING PRELIMINARY INJUNCTION, AND (4) DENYING PERMANENT INJUNCTION**

(ECF Nos. 1, 21, 45, 60)

24
25
26
27
28

      On July 24, 2020, the Honorable Larry Alan Burns entered a preliminary injunction enjoining Defendant Cardiff School District (the "District") "from engaging in any construction or demolition within the original 6(f)(3) boundary of George Berkich Park, with the exception that construction of the biofiltration basins and turf may proceed consistent with the terms of the settlement agreement between [Plaintiff] Save the Park

1

[and Build the School] and the District." (ECF No. 21 at 2.) After Defendant National Park Service ("NPS") rescinded its approval of the District's project—the original basis for this Administrative Procedure Act lawsuit—Judge Burns dismissed as moot Plaintiffs' claims under federal law against Defendants NPS; David L. Bernhardt, in his official capacity as Secretary of the United States Department of the Interior; David Vela, in his official capacity as Director of the NPS; and Lisa Mangat, in her official capacity as Director of the California Department of Parks and Recreation ("DPR"). (*See* ECF No. 60 ("OSC") at 2–3.) As Judge Burns framed it, this left Plaintiff with two claims: "a claim that the District and the State Parks violated the public trust doctrine and a claim that the District can't proceed with a conversion without proper NPS approval." (*Id.* at 4.)

Judge Burns therefore ordered the District to show cause "why the Court should not convert its existing preliminary injunction to a permanent injunction enjoining the District from converting land within the 6(f)(3) boundary without NPS approval," (*id.* (citing 54 U.S.C. § 200305(f)(3))), and ordered Plaintiff to show cause "why, if the Court issues a permanent injunction, it shouldn't decline to exercise jurisdiction over the remaining state claim." (*Id.*) The undersigned is in receipt of the following responses to Judge Burns' Order to Show Cause: Plaintiff's responses regarding the Court's exercise of supplemental jurisdiction ("Pl. Juris. Resp.," ECF No. 63) and the issuance of a permanent injunction ("Pl. Inj. Resp.," ECF No. 66), the District's responses regarding supplemental jurisdiction ("Dist. Juris. Rep.," ECF No. 64) and a permanent injunction ("Dist. Inj. Resp.," ECF No. 62), and Armando Quintero's response regarding supplemental jurisdiction ("DPR Juris. Resp.," ECF No. 65).[1] Having carefully reviewed the Parties' arguments, the record, and the applicable law, the Court **DENIES** Plaintiff's request for a permanent injunction and **DECLINES** to exercise supplemental jurisdiction over Plaintiff's state law claim.

/ / /

---

[1] This case was transferred from Judge Burns to the undersigned on October 8, 2020. (*See* ECF No. 61.) Further, Plaintiff originally named Ms. Mangat as a Defendant, but Mr. Quintero replaced her as Director of DPR effective September 1, 2020. (*See* ECF No. 65 at 1 n.1.)

20-CV-1080 TWR (AHG)

Regarding the issuance of a permanent injunction,

> a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156–57 (2010) (quoting *eBay Inc. v. MercExchange, L.L. C.,* 547 U.S. 388, 391 (2006)). The District raises several arguments against the issuance of a permanent injunction here: (1) injunctive relief is a remedy, not a standalone claim, meaning that the sixth cause of action for injunctive relief should be dismissed, (Dist. Inj. Resp. at 6); (2) Plaintiff cannot obtain an injunction based on its already dismissed federal claims, (*id.* at 6–7); (3) a permanent injunction is improper because there was no adjudication on the merits of Plaintiff's underlying claims, which were denied as moot, (*id.* at 7); (4) to the extent Plaintiff contends that its sixth cause of action can be construed as a distinct claim for violation of the Land and Water Conservation Fund Act ("LWCFA"), there is no private right of action to enforce that statute, (Dist. Inj. Resp. at 7–10); and (5) Plaintiff released all claims against the District for violation of the LWCFA under the settlement of the prior state court action. (Dist. Ins. Resp. at 10–11.)

The Court need not address all of the District's arguments because the Court agrees that permanent injunctive relief is unavailable under the terms of the Settlement Agreement and Mutual Release executed by the District and Save the Parks in February 2020 (the "Settlement Agreement"). (*See* Dist. Inj. Resp. at 10–11.) The mutual release specifically released "any and all claims, demands, liabilities, causes of action, suits, accounts and obligations of whatsoever character, nature and kind, in law or in equity, arising from,

/ / /

/ / /

/ / /

connected with or related to the [state court] Lawsuit." (ECF No. 66-1 at 19–20.[2])  In the state court lawsuit, Plaintiff alleged that the District had violated the LWCFA, (ECF No. 52-1 at 8–9 ¶¶ 17–21, 9–10 ¶¶ 27–28), and sought "[a]n injunction prohibiting [the District] from constructing any improvements west of the 6(f)(3) boundary line."  (*Id.* at 28 ¶ 4.) Because Plaintiff's request for a permanent injunction "arises from," is "connected with," and is directly "related to the Lawsuit," the Court finds that Plaintiff's request for a permanent injunction is foreclosed by paragraph 10 of the Settlement Agreement.

To be sure, the broad waiver language in paragraph 10 of the Settlement Agreement is subject to the carve-out provision of paragraph 10a.  Paragraph 10a, however, merely allows the parties to bring a future challenge to "any action taken, or to be taken, by OGALS and/or NPS in connection with the District's current or any future application for a conversion of any land within the 6(f)(3) Boundary." (ECF No. 66-1 at 20.)  The Court agrees with Plaintiff that the carve-out provision governed the initial litigation in this matter, when Plaintiff was challenging the NPS's "erroneous approval of the District's conversion application."  (Pl. Inj. Resp. at 8.)  Because NPS has since rescinded the challenged approval, however, Plaintiff's surviving request for a permanent injunction is in no way tethered to "an action taken" by NPS.  As such, Plaintiff's request for a permanent injunction is not exempted by the carve-out to the mutual release, and the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's sixth cause of action and **DENIES** the request for a permanent injunction.[3]

---

[2] Pin citations to ECF Nos. 52-1 and 66-1 refer to the CM/ECF page numbers electronically stamped at the top of each page.

[3] In a footnote, Plaintiff adds that, "[s]hould the Court find that Plaintiff's Complaint as drafted does not sufficiently plead a claim sufficient to support the relief requested, Plaintiff requests leave to file an amended Complaint to include a third party beneficiary claim under the Project Agreement."  (Pl. Inj. Resp. at 9–10 n.2 (emphasis omitted).)  That request is not properly before the Court.  *See* Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion.").  In any event, Plaintiff provides no indication as to how the Court could exercise jurisdiction over a dispute concerning a contract between DPR, the City of Encinitas, and the District.  (*See* ECF No. 66-1 at 49–55.)

Of course, the District remains obligated under the law, *see* 54 U.S.C. § 200305(f)(3), and the Settlement Agreement, (*see* ECF No. 66-1 at 18–19), to refrain from the vast majority of its planned construction within the 6(f)(3) Boundary without NPS approval. Should the District fail to abide by those obligations, (*see* Pl. Inj. Resp. at 6 n.1), Plaintiff has a remedy before the Superior Court under the Settlement Agreement. (*See id.* at 20; *see also, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382 (1994).)

As for supplemental jurisdiction, Judge Burns previously indicated that he "d[id] not intend to exercise supplemental jurisdiction over the state law claims once all federal claims have been resolved." (OSC at 4 (citing *Carlsbad Tech., Inc. v. HIF Bio, Ins.*, 556 U.S. 635, 639 (2009)).) The Parties appear to agree. (*See* Pl. Juris. Resp. at 2[4]; Dist. Juris. Resp. at 2–3; DPR Juris. Resp. 2–3.) The Court therefore **DECLINES** to exercise supplemental jurisdiction over Plaintiff's remaining state law cause of action and **DISMISSES WITHOUT PREJUDICE** Plaintiff's fifth cause of action.

## CONCLUSION

In light of the foregoing, the Court **DECLINES** supplemental jurisdiction; **DISMISSES WITHOUT PREJUDICE** Plaintiff's fifth and sixth causes of action (ECF

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[4] The Court notes that Plaintiff indicated that it did not object to the dismissal of its remaining state law claim if the Court issues a permanent injunction. (*See* Pl. Juris. Resp. at 2.) Assuming Plaintiff objects to the dismissal of its state law claim in the absence of a permanent injunction, Plaintiff has provided no legal basis for the Court to retain jurisdiction over that claim, (*see generally id.*), and the Court determines that judicial economy, convenience, fairness, and comity weigh in favor of declining jurisdiction here. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

20-CV-1080 TWR (AHG)

No. 1); **DISSOLVES** the preliminary injunction entered by Judge Burns on July 24, 2020 (ECF Nos. 21, 45); and **DENIES** the permanent injunction requested by the Plaintiff.  The Clerk of Court **SHALL CLOSE** the file.

　　　　**IT IS SO ORDERED.**

Dated:  November 5, 2020

Honorable Todd W. Robinson
United States District Court

20-CV-1080 TWR (AHG)